UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AUBREY AVERY,<br><br>                Plaintiff,<br><br>v.<br><br>McCORMICK, et al.,<br><br>                Defendants. | Case No. 3:18-CV-0138-MMD-CLB<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

       This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is plaintiff's failure to comply with Local Rule ("LR") IA 3-1 requiring plaintiff to change his address.

       On August 10, 2020, plaintiff filed a notice of change of address to High Desert State Prison ("HDSP"). (ECF No. 39). On February 19, 2021, defendants filed a motion for summary judgment. (ECF No. 46). According to the certificate of service, defendants claim to have served the plaintiff via CM/ECF at Northern Nevada Correctional Center ("NNCC"). (*Id.* at 20). However, the actual CM/ECF service notification proves that plaintiff was served at HDSP via CM/ECF. (*Id.*) Ten documents were filed after the notice of change of address and no documents were returned to sender.

       The Nevada Department of Corrections ("NDOC") website lists plaintiff as paroled from NDOC since approximately October 2020. However, no legal mail was returned to this court marked "paroled" as is the custom practice for NDOC law librarians. The court ordered defendants to notify the court if plaintiff was in NDOC custody or was paroled. (ECF No. 50). The court further ordered that if plaintiff was paroled, defendants were to

1  advise the reason why plaintiff's legal mail was not returned to the court from HDSP law
2  library. (*Id.*)

3    The order also provided that in the event plaintiff was no longer in NDOC custody,
4  pursuant to Local Rule IA 3-1, he must immediately file with the court written notification
5  of any change of mailing address. (*Id.*)  Plaintiff was advised that failure to comply with
6  this rule may result in dismissal of this action. (*Id.*)  Plaintiff was ordered to file a change
7  of address on or before Friday, May 28, 2021.  (*Id.*)

8    The court's order was returned from HDSP and marked "paroled." (ECF No. 51).
9  Defendants also responded to the court's order advising that plaintiff was paroled and
10 outlining a technical issue regarding returned mail. (ECF No. 52). Defendants' response
11 was also returned from HDSP and marked "paroled." (ECF No. 53).

12   To date, plaintiff has not filed a notice of change of address with the court.  In fact,
13 plaintiff has not filed a document with the court since he changed his address to HDSP
14 on August 10, 2020. (ECF No. 41).  LR IA 3-1 provides that the failure to "immediately file
15 with the Court written notification of any change of address . . . may result in dismissal of
16 the action . . . ."

17   Prior to dismissal for failure to follow local rules, the court must consider "(1) the
18 public's interest in expeditious resolution of litigation; (2) the court's need to manage its
19 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
20 of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*,
21 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423
22 (9th Cir. 1986)).  This litigation cannot proceed or be decided on the merits if the court
23 and defendants cannot contact plaintiff, nor should the court or defendants be required to
24 continue to try to resolve the case without the plaintiff's participation.  All five factors
25 clearly favor dismissal of this case.

26   Based on the foregoing and for good cause appearing, the court recommends that
27 this case dismissed based upon plaintiff's failure to notify the court of his change of
28 address pursuant to LR IA 3-1.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED** for plaintiff's failure to comply with LR IA 3-1.

DATED: June 1, 2021.

_____
UNITED STATES MAGISTRATE JUDGE